**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CODY DACUS, #1480812,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-2209-D |
| | ) | |
| **DEPUTY SHERIFF JOHN DOE, et al.,** | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof this case has been re-referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties:  Plaintiff is presently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) at the Robertson Unit in Abilene, Texas. The events at issue occurred while Plaintiff was confined at the Dallas County Jail. Defendants are four unidentified Dallas County Sheriff's Department employees, and the Sheriff for Dallas County, also identified as a John Doe.

The magistrate judge did not issue process in this case pending preliminary screening. On December 16, 2008, the magistrate judge issued a questionnaire to Plaintiff, who filed his answers thereto on January 14, 2009.

Statement of Case: On or about December 29, 2006, while Plaintiff was incarcerated at the Dallas County Jail as a pre-trial detainee, he was placed in the same housing unit with inmate Bufus Fletcher, who according to Plaintiff had known mental problems. On January 14, 2007, Fletcher stabbed Plaintiff with a weapon inflicting serious wounds, which required emergency surgical treatment at Parkland Hospital.

In his amended complaint Plaintiff seeks to sue four John Doe officers for failing to properly screen inmate Fletcher during classification, thus exposing Plaintiff "to a known risk of violence at the hands of other inmates." Plaintiff also seeks to sue the Dallas County Sheriff for failing to train her subordinates. He seeks compensatory damages of $250,000 and punitive damages of $500,000.[1]

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*. His amended complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

---

[1] Plaintiff also requests injunctive and declaratory relief. His transfer to TDCJ renders his claims for declaratory and injunctive relief moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (even if inmate were able to establish constitutional violation, his transfer to another prison rendered moot any claim for declaratory and injunctive relief) (citing *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991)); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (prisoners who were no longer in Retrieve Unit could not seek injunctive relief against conditions of confinement there). Any suggestion of relief based on the possibility of a transfer back to the Dallas County Jail is too speculative to warrant relief. *See Herman*, 238 F.3d at 665 (citing *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir.1987)). Therefore, Plaintiff's injunctive and declaratory relief claims should be dismissed as moot.

who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added).  *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact*." Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, ___, 127 S.Ct. 1955, 1968-69, 1974 (2007).

Plaintiff's claims concern events and omissions which occurred in late 2006 and/or on January 14, 2007, the date of the inmate assault.  Plaintiff has not identified any of the John Doe Defendants within the two-year statutory period of limitations for actions under § 1983.  *See Piotrowski v. City of Houston,* 237 F.3d 567, 576 (5th Cir. 2001) (applying two-year statute of limitations period to action under § 1983).  Were Plaintiff to amend his complaint at the present time to identify the five John Doe Defendants, his amendment would not relate back to when he commenced this action on December 12, 2008.  *See Jacobsen v. Osborne,* 133 F.3d 315, 321 (5th Cir. 1998) (holding that an amendment that identifies a formerly unidentified defendant would not relate back because "there was no 'mistake' in identifying the correct defendant; rather, the problem was not being able to identify that defendant").  Consequently, the claims against the John Doe Defendants lack an arguable basis in law and should be dismissed as frivolous.  *See Allen v. Winfield*, 3:04cv2504-B, 2006 WL 1674096, 3 (N.D. Tex. 2006) (relying on *Osborne* to dismiss claims against defendant who was not identified within the limitations period); *Stumpf v. City of Waxahachie,* No. 3:04-CV-0946-M, 2004 WL 2413306, at *2 (N.D.Tex. 2004) (same);

*see also Staritz v. Valdez,* No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D.Tex. 2007) (dismissing as frivolous claims against unidentified defendants because the federal rules do not provide for joining fictitious or "John Doe" defendants in an action under a federal statute).

Since the identity of the Dallas County Sheriff is a matter of public knowledge, the court addresses Plaintiff's claims against the Sheriff for failure to train. (*See* Answers to Questions 13-16). A sheriff or other supervising officer not personally involved in the acts that deprived the plaintiff of his constitutional rights may be liable under § 1983 if: (1) the sheriff or supervising officer failed to train or to supervise the subordinate officers involved; (2) there is a causal connection between the alleged failure to supervise or to train and the alleged violation of the plaintiff's constitutional rights; and (3) the failure to train or to supervise constituted deliberate indifference to the plaintiff's constitutional rights. *Thompson v. Upshur County,* 245 F.3d 447, 459 (5th Cir. 1991) (citations omitted).

Proof of a single instance, rather than a pattern of similar violations, normally will not sustain a plaintiff's claim that a lack of training or supervision caused a violation of his constitutional rights. *Id.* (citing *Snyder v. Trepagnier,* 142 F.3d 791, 798-99 (5th Cir. 1998) and *Thompkins v. Belt,* 828 F.2d 298, 304-05 (5th Cir. 1987)). Moreover, the inadequacy of the training "must be so obvious and likely to result in the violation of constitutional rights that the [defendant] can be said to have been deliberately indifferent." *Trepagnier,* 142 F.3d at 799 (citing *City of Canton v. Harris,* 489 U.S. 378, 390 n. 10, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)).

Plaintiff's allegations that the Dallas County Sheriff failed to train her subordinates is conclusory at best. In answer to the questionnaire, he merely alleges that "violence [at] the

4

Dallas County Jail was pervasive" in 2006 and 2007, and that the Sheriff failed to take any corrective action. (Answer to Question 16). The allegations in the amended complaint fare no better. (*See* Amended Complaint at handwritten continuation sheets).

Likewise, any claim that the Sheriff did not oversee all departments or review the products sold in the commissary, including the 6 inch toothbrush allegedly used by Plaintiff's assailant, fails to raise a basis for liability separate from Plaintiff's failure to train claim. (*See* Amended Complaint at handwritten continuation sheets).

Therefore, Plaintiff's claims against the Dallas County Sheriff for failure to train her subordinates or oversee all departments lack an arguable basis in law and should be dismissed as frivolous.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's amended complaint be DISMISSED with prejudice as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A copy of this recommendation will be transmitted to Plaintiff.

Signed this 31st day of March, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.